# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

NEW YORK AND LAKE CHAMPLAIN TRANSPORTA-
TION COMPANY, RESPONDENT, v. JOHN HURD AND
OTHERS, APPELLANTS.

44h    17
67 AD 326

*Evidence — a verified answer served by a defendant may be put in evidence, after an
amended answer has been served, as an admission made by him.*

APPEAL from a judgment in favor of the plaintiff, entered in
Washington County upon the report of a referee.

This action was brought by the plaintiff to recover the amount
claimed to be due it from the defendants under a contract dated
the 29th day of April, 1884, between the plaintiff and defendants,
by which the plaintiff agreed to transport all the timber of the
defendants by boats from Rouses Point to the city of New York
and points named in the contract during the season of navigation,
*via* the Champlain canal.  The contract fixed the compensation for
transportation, and also stipulated the amount of damage to be paid
by the defendants for each day after the first five days, after arrival
at destination.

To establish the plaintiff's cause of action it introduced in evidence,
against the objection and exception of the defendants, the original
answer of the defendants in this action, duly verified, admitting the
amount which plaintiff claimed to be due for transportation of the
lumber.  This admission was sought to be explained by one of the
defendants upon the theory that at the time the answer was interposed
the defendants were not fully aware of the facts.  The referee found
in favor of the plaintiff for $254.43 on account of freight, and $144
on account of damage, in all $394.43, with interest, upon which
judgment was entered for the plaintiff, with costs, from which this
appeal is taken.

HUN—VOL. XLIV    3

The court at General Term said : " It is insisted on the part of the appellants that the admission of the original answer in evidence, under the objection of the defendants, was error for which this judgment should be reversed. It is apparent that that evidence bore upon a material part of the issue, and this court cannot assume that it did not affect the result, and if it was not competent evidence its admission would be error for which the judgment should be reversed. But upon what principle can it be rejected as incompetent ? It was a declaration by the defendants, made with such deliberation and solemnity as to be conclusive upon them, if the original answer had not been superseded by the amended answer. It is true that by the service of the amended answer it lost its conclusiveness as an answer, and the party was no longer bound by it as such, but it, nevertheless, retained its character as an admission of a party and could be used as evidence against him, subject to being contradicted or explained by other evidence. There is no rule of evidence, nor do we perceive any principle of right, that would be subserved by excluding a declaration of a party, not privileged upon some rule of public policy, from being used against him as evidence, and this view seems to be sustained by authority.

In *Strong* v. *Dwight,* " BALCOMB, J., in granting a motion allowing the defendant to amend a verified answer, says : ' I hold \* \* \* that the original answer in this case should remain on file and not be altered by the defendant's amendments ; and that the proposed amendments should be made by making, verifying and filing an entire new amended answer so that the plaintiff can use the existing original answer as evidence on the trial to prove the defendant's admission that he now asks leave to have struck out.' (*Strong* v. *Dwight,* 11 Abb. [N. S.], 325.)

" In *Fogg* v. *Edwards,* two questions were raised, first, whether the plaintiff could use, as evidence, an original answer which was superseded as a pleading by an amended answer, and second, whether the plaintiff could use that part which operated in his favor as an admission of the defendant and disprove by other evidence that which operated against him, and the court say : ' We think the original answer was properly received as evidence, under the circumstances. While the service of the amended answer had the effect to supersede the original as a pleading, it did not have the effect

to render it inadmissible as evidence; it could be received for the latter purpose but subject to explanation. (*Fogg* v. *Edwards*, 20 Hun, 90; *Bearss* v. *Coply*, 10 N. Y., 93.) Within these cases we think the original answer was competent as evidence of an admission of the defendant, and its reception as such by the referee was not error.' "

*L. B. Bunnell*, for the appellants.

*J. Sanford Potter*, for the respondent.

Opinion by MAYHAM, J.; LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.